STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-00-18

~KEN - ~/:0/6 D0\

GARY L. BOLDUC and
PAULA R. BOLDUC
          Plaintiffs

V.

DAWN HAYWOOD
          Defendant

**ORDER ON MOTION TO
DISMISS AND SUMMARY
JUDGMENT**

     This matter is before the Court on Defendant's Motion to Dismiss and for Summary Judgment. Plaintiffs have brought a complaint against Defendant alleging negligence and injuries as a result of an automobile collision on Kennedy Memorial Drive in Waterville on November 25, 1995. Because this Court is initially considering the matter as a Motion to Dismiss, it first examines the circumstances solely on the basis of the allegations in the complaint.

     The Plaintiff complains that Gary Bolduc was operating a motor vehicle eastbound on Kennedy Memorial Drive. At that time, an automobile operated by one Balbo was preparing to exit a parking lot and enter traffic from the south side of Kennedy Memorial Drive. Plaintiff alleges that the Defendant signaled to Balbo "to pull out into the lane of traffic occupied by Plaintiff's vehicle." As a result, Plaintiff claims that Balbo's vehicle collided with Plaintiff resulting in physical injuries to the Plaintiffs.

     Because the Court is not satisfied that the complaint does not describe a set of circumstances which could be seen to be actionable under any set of facts when considered solely within the language of the complaint, the Court does not believe it can grant the Motion to Dismiss. [1]

---

[1] While the question is novel, this Court is not prepared to conclude that there are no circumstances under which one party directing another party into the lane of travel of a third-party might not be held responsible.

The facts under consideration for Defendant's Motion for Summary Judgment are substantially undisputed. Kennedy Memorial Drive is a four lane highway generally running east and west in the City of Waterville. There are two lanes for each direction. At the time of the accident, both the Plaintiff's and Defendant's vehicles were traveling in an easterly direction. The Plaintiff's vehicle was behind and to the left of the Defendant's vehicle traveling in the inside lane closest to the center line. The Defendant's vehicle was traveling in the outside lane closest to the shoulder of the road.

An entrance to a shopping center, known as Shaw's Shopping Center, is on the north side of Kennedy Memorial Drive. A Subway Sandwich Shop is on the southerly side with an exit to Kennedy Memorial Drive slightly, but very slightly, to the west of the Shaw's Shopping Center entrance. A traffic light controls the intersection of the Shaw's Shopping Center entrance and Kennedy Memorial Drive.

As the Plaintiff's and Defendant's vehicles approached the intersection, the Defendant noted the Balbo vehicle seeking to exit from the Subway parking lot. The Defendant looked in her rearview mirror for traffic, did not note the presence of the Plaintiff's vehicle, and did not examine her outside rearview mirror. As Defendant brought her vehicle to a stop, she made eye contact with Balbo and waved her into her lane. The Defendant did not note which direction Balbo's front wheels were turned at the rest, but did note that her directional signal was not operating. Balbo then drove straight across the easterly lanes of Kennedy Memorial Drive positioning herself directly in front of Plaintiff's vehicle with which it collided.

The Defendant would testify that as she neared the Subway Shop exit, she noted the traffic light at the intersection changing from yellow to red. She notes moderately heavy traffic with a line of traffic in front of her and a substantial amount of traffic behind her. She also noticed two cars ahead of her in the

2

eastbound lane. The Defendant believed that Balbo's car was sitting at an angle indicating an intention to travel in the same direction she was traveling, and she stopped before reaching the Subway exit and signaled Balbo to proceed in front of her. However, instead of Balbo's vehicle entering the lane in front of the Defendant, the vehicle exited the parking area pulling across both eastbound lanes and colliding with Plaintiff. It further appears that the Plaintiff noted the red traffic light and the traffic slowing. Plaintiff also noted the Defendant's car was stopped with a gap between Defendant's car and the automobiles in front of Defendant. However, Plaintiff Gary Bolduc claims he did not see the Balbo car until it "came out from in front of" the Defendant's car and entered his travel lane.

All of these facts appearing from properly prepared statements of material facts are substantially undisputed. Therefore, the Court is faced with making a determination as to the duty, if any, owed to the Plaintiff by the Defendant under these circumstances.

As noted from an examination of 14 A.L.R. 5th 193, there is a substantial split of authority with a respect to whether there exists a duty to other operators when signaling other vehicles or pedestrians to proceed. As stated in the annotation,

"Most Courts considering the question have held that a driver has no affirmative duty to signal another vehicle or a pedestrian that it is safe to proceed or pass. However, a closer question has arisen whether, once having under taken to give such a signal, a driver may be held liable for any unfortunate circumstances when the other driver or pedestrian relies on the signal. Courts have taken a wide variety of approaches to this issue. In Dawson v. Griffin (1991, KAN) 816 P.2d 374, 14 A.L.R. 5th 1000, the Court held that the signal in that case could only be reasonably interpreted as a yielding of the right-of-way by the signaling driver, and thus held that the signaling driver could not be held liable for a subsequent collision. Besides reasonable interpretation of the signal, cases have turned on issues such as reliance, proximate cause, and vicarious liability."

There is no defining decision within the jurisdiction of Maine. However, at least one Superior Court has granted summary

3

judgment for a Defendant in a similar situation. The Defendant in that case cited to Askew v. Zeller 521 A.2d 459, 462 (1987) and the Plaintiff relied on Wulf v. Rebbun, 25 W.2d 499, 131 NW2.d 303 (1964). The Court reached the conclusion that the better view, "especially in a small rural state such as Maine," is to consider the wave-on gesture as simply yielding the right-of-way. The Court concluded that the public benefits by engaging motorists to engage in courteous conduct is a favorable result. The Court also concluded, under the facts of that case, that there was doubt whether the Plaintiff relied on the wave-on gesture and therefore ruled a lack of proximate cause. Dionne v. Progressive Insurance Co., et. al., Androscoggin Superior Court, docket number CV-99-38, April 13, 2000.

The instant case is somewhat novel. In addition to presenting an issue of duty of care not decided in the State of Maine, it is an action brought by an injured party against the signaling party where the actual collision took place with the third operator responding to the signal. Therefore, the issue before the Court appears to be whether or not a party signaling an operator to move into traffic has such a duty of care toward other motorists on the highway as to be responsible for a breach of that duty, not whether there is a duty to the signaled party.

Plaintiffs rely on Restatement (Second) of Torts, §324A (1965). In their brief, Plaintiffs say that the Restatement establishes liability for one who gratuitously renders "services to another which he should recognize as necessary for the protection of a third person..." Liability is found in the event: (a) his failure to exercise reasonable care increases the risk of such harm, or (b) he has undertaken to perform a duty owed by the other to the third person, or (c) the harm is suffered because of a reliance of the other or the third person upon the undertaking. Plaintiff argues that when the third operator relies upon the waver's action in assessing the surrounding traffic conditions, the waver takes on the third party's duty to make such an

4

assessment.

It is precisely this point which causes this Court to grant the summary judgment. While there may well be circumstances in which a person waving on traffic could be held responsible, [2] a courteous act of yielding a right-of-way to facilitate the passage of a yielding vehicle, if interpreted to be a guarantee of all other traffic conditions, appears to be a stretch of proximate causation not acceptable under these circumstances.

In the instant case, Plaintiff seeks to hold the Defendant responsible not only for traffic conditions in her own lane of travel, but traffic conditions to Defendant's rear and left lane traveling in the same direction. By extension, this would also hold Defendant liable for all traffic conditions westbound in the other two lanes since the unexpected move of the third vehicle from the parking area to the inside lane would be identical in effect to its movement to the westbound lane. Under these circumstances, it seems to this Court to be the better view that when an operator waves a vehicle into the operator's lane of travel, it is simply yielding the right-of-way and not creating a responsibility as a guarantor of other traffic conditions.

The entry will be:

For the reasons stated herein, the Defendant's Motion to Dismiss is DENIED, Defendant's Motion for Summary Judgment is GRANTED; Judgment for the Defendant.

DATED: _____

_____
Donald H. Marden
Justice, Superior Court

---

[2] Examples might be construction flagman, emergency personnel at accident scenes, etc.

Date Filed __1/31/00__  _____Kennebec_____  Docket No. ___CV00-18___

County

Action ___Auto Negligence___

# J. MARDEN

Gary L. & Paula R. Bolduc           vs.      Dawn Haywood

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Tyler N. Kolle, Esq.<br>129 Lisbon Street<br>Lewiston, Maine 04240 | J. William Druary, Esq. (2/2/00)<br>PO Box 708<br>Waterville Maine 04903 |

| Date of Entry | |
|---|---|
| 1/31/00 | Complaint, filed. s/Kolle, Esq.<br>Case File Notice mailed to atty.<br>Original Summons with return service made upon Dawn Haywood on 1/24/00, filed. |
| 2/2/00<br>****** | Defendant's Answer to Plaintiffs' Complaint, filed. s./Druary, Esq.<br>Jury Trial Fee Paid.<br><br>SCHEDULING ORDER, Marden, J.<br>"Scheduling Order filed.  Discovery deadline is October 2, 2000."<br>Copies mailed to attys of record. |
| ------- | Notification of Discovery Service, filed. s/Druary, Jr., Esq.<br>Interrogatories to Plaintiff Paula Bolduc; Interrogatories to Plaintiff Gary Bolduc and Notice to Produce to Plaintiffs served on Tyler N. Kolle, Esq. on 1/28/00 |
| 2/9/00 | Notification of Discovery Service, filed. s/Kolle, Esq.<br>Plaintiffs' Objections to Defendant's Notice to Produce served on J. William Druary, Jr., Esq. |
| ------ | Notification of discovery Papers, filed. s/Kolle, Esq.<br>Plaintiffs' Objections to Defendant's Notice to Produce served on J. William Druary, Jr., Esq. on 2/3/00 |
| 3/8/00 | Notification of Discovery Service, filed. s/Druary, Jr., Esq.<br>Notice ofDeposition/Paula Bolduc and Notice of Deposition/Gary Bolduc served on Tyler N. Kolle, Esq. on 3/6/00 |
| 3/15/00 | Notification of Discovery Service, filed. s/Kolle, Esq.<br>Notice to Take Oral Deposition of Dawn Haywood served on J. William Druary, Jr., Esq. on 3/13/00 |